Stuart C. Talley (State Bar No. 180374)
Email: stalley@kcrlegal.com
**KERSHAW, CUTTER & RATINOFF LLP**
401 Watt Avenue
Sacramento CA 95864
Telephone: (916) 448-9800
Facsimile: (916) 669-4499

Mark J. Tamblyn (State Bar No. 179272)
Email: mjt@wtwlaw.com
**WEXLER TORISEVA WALLACE LLP**
1610 Arden Way, Suite 290
Sacramento, CA 95815
Telephone: (916) 568-1100
Facsimile: (916) 568-7890

Attorneys for Individual and Representative
Plaintiff Michael Simon

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL SIMON, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOSHIBA AMERICA, INC., a Delaware Corporation and TOSHIBA AMERICA INFORMATION SYSTEMS, INC., a California corporation,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Michael Simon ("Plaintiff"), individually and on behalf of all others similarly situated, alleges by and through his attorneys, upon information and belief, as follows:

### NATURE OF THE ACTION

1.      This is a consumer class action that seeks damages, restitution and injunctive relief associated with Defendants' unfair, unlawful and fraudulent marketing and sale of Toshiba Satellite® notebook computers.

2.      Defendants advertise their notebook computers as having the capacity to upgrade

1

their Random Access Memory (RAM) to 4 gigabytes when, in fact, the maximum amount of RAM upgrade capacity is substantially less than advertised. As a result, consumers like Plaintiff, purchased Toshiba Satellite® notebooks unaware of the notebook's true memory capacity and have suffered harm as set forth below. Plaintiff alleges: (a) violations of the Consumers Legal Remedies Act ("CLRA"); (b) violations of California's False Advertising Law, Business §§ 17500 *et. seq.*; (c) violations of California's Unfair Competition Law, Business & Professions Code Section 17200 *et seq.* ("UCL"); (d) breach of express warranty; and (e) unjust enrichment. Through this action, Plaintiff seeks damages, restitution and injunctive relief on behalf of himself and all others who are similarly situated.

## JURISDICTION AND VENUE

3.    The Court has original jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d)(2).

4.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(a)(1) because Plaintiff resides in this judicial district. Venue is also proper pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

5.    The members of the putative class have suffered aggregate damages exceeding $5,000,000, exclusive of interest and costs.

## INTRADISTRICT ASSIGNMENT

6.    Pursuant to Local Rule 3-5(b), assignment to the San Francisco Division is proper because Plaintiff resides in this division and a substantial part of the events or omissions giving rise to the claims occurred in this division.

## THE PARTIES

7.    Plaintiff Michael Simon is a resident of San Francisco, California.

8.    Defendant Toshiba America, Inc., (hereinafter "Toshiba") is a Delaware corporation registered to do business in the State of California, with its principal place of business located at 1251 Avenue of the Americas, New York, New York 10020. TAI manufactures, markets, sells and services notebook computers in California and throughout the United States.

2

1    9.    Defendant Toshiba America Information Systems, Inc., (hereinafter "Toshiba

2    America") is a California corporation with its principal place of business located at 9740 Irvine

3    Boulevard, Irvine, California 92618.  Toshiba America is a subsidiary of Toshiba and

4    manufactures, markets, sells and services notebook computers in California and throughout the

5    United States.

6    10.    Plaintiff is informed and believes, and thereon alleges, that at all relevant times

7    herein, each Defendant is, and at all relevant times was, the agent, principal, alter ego, joint

8    venturer, partner, co-conspirator, and/or affiliate of the other defendant.  Each Defendant had

9    actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified,

10   approved, joined in, acquiesced, and/or authorized the wrongful acts of each co-Defendant and/or

11   retained the benefits of the alleged wrongful acts.  Defendants, and each of them, conspired with

12   each other and with others, to perpetrate the unfair, unlawful and deceptive acts described herein.

13   **FACTUAL ALLEGATIONS**

14   11.    Plaintiff purchased a Toshiba Satellite® notebook computer model U305-S5097

15   from Office Depot in San Francisco on July 21, 2007.

16   12.    The notebook he purchased was equipped with 1 gigabyte of RAM.  Prior to his

17   purchase, Plaintiff saw that Defendants advertised it as being upgradeable to a maximum of 4

18   gigabytes of RAM.

19   13.    RAM is the computer's primary storage area for data used to load, display and

20   manipulate items and applications that are on the computer's screen.  The amount of a computer's

21   RAM has a significant impact on the computer's functionality and its ability to run multiple or

22   large programs.  For example, many common graphic and video programs require more than 1

23   gigabyte of RAM to function properly.  The amount of RAM necessary to run common

24   applications increases every year as computer programs become more complex.  Hence the ability

25   to increase the RAM in a computer is a material consideration in exercising consumer choice, and

26   also has a significant impact on the value of the computer.

27   14.    After purchasing his notebook, Plaintiff purchased additional memory to increase

28   the RAM to 4 gigabytes.  Plaintiff subsequently learned, however, after lengthy discussions with

3

1   Defendants' customer service and an authorized repair center, that the notebook was not

2   upgradeable to 4 gigabytes.  Specifically, he was told by Defendants' authorized representative

3   that the maximum memory capacity of his notebook was 2 gigabytes or 2048 megabytes and not

4   4 gigabytes, contrary to Defendants' advertising.

5          15.    On their website, their published system characteristics sheets, and through other

6   media, Defendants have represented, and continue to represent, that their Satellite® notebooks

7   have upgradeable memory to 4 gigabytes of RAM.  For example, in a July 2, 2007 press release,

8   Defendants announced that their new Satellite® series offered "a high performance mobile

9   solution in a lightweight factor" and its "massive memory delivers enhanced performance." This

10  press release expressly stated that the RAM for the notebook purchased by Plaintiff has a

11  "maximum capacity" of 4 gigabytes. Additionally, the system characteristics sheets and web

12  pages describing the Defendants' Satellite® notebooks all state that the RAM can be upgraded to

13  4 gigabytes.

14         16.    Toshiba has made similar representations with respect to other Satellite® notebook

15  models including, but not limited to the Satellite® A135-S4407, P205-S6307, U305-S5077 and

16  U305-S5087, all of which are advertised as having a maximum memory capacity of 4 gigabytes.

17  Plaintiff is informed and believes that these representations are false and that the maximum

18  upgraded memory capacity permitted by these computers is, in fact, only 2 gigabytes.

19         17.    Toshiba's false and misleading advertising has been repeated by other retailers.

20  For example:

21          a.     Amazon.com describes the U305-S5097's product features as having a
       "160 GB hard drive, 1 GB installed RAM (4 GB max).
22     (http://www.amazon.com/Toshiba-Satellite-U305-S5097-Dual-Core-
       Processor/dp/B000RN5ZBY/ref=pd_bbs_sr_1/103-7855244-
23     2327068?ie=UTF8&s=electronics&qid=1193273271&sr=8-1#moreAboutThisProduct).

24          b.     Amazon.com advertises the Toshiba Satellite® P205-S6307 memory
       capacity as, "Memory: the 1GB of installed RAM (2 x 512 MB DDR2, PC5300) is an
       excellent start, but you'll want to add more RAM to handle today's demanding
25     multimedia and productivity suites.  It provides two DIMM slots and has a large 4GB
       maximum RAM capacity." (http://www.amazon.com/Toshiba-Satellite-P205-S6307-Dual-Core-
26     Processor/dp/B000RN5ULE).

27
            c.     RadioShack.com advertises the Toshiba Satellite® P205-S6307 as having
28     "RAM Features Installed Size 1024 up to 4096 maximum."

                                                    4

1   (http://www.radioshack.com/product/index.jsp?summary=summary&techSpecs=techSpecs&curre
2   ntTab=summary&custRatings=custRatings&features=features&accessories=accessories&productI
    d=2833969&support=support&tab=techSpecs).

3       d.      Overstock.com advertises the Toshiba Satellite® U305-S5077 as having
4   "Chipset: Intel 943GML Express…Maximum Memory: 4GB."
    (http://www.overstock.com/Electronics/Toshiba-Satellite-U305-S5077-
    Notebook/2651178/product.html#TABS ).

5                        **CLASS ACTION ALLEGATIONS**

6       18.     Plaintiff brings this action, pursuant to Rule 23 of the Federal Rules of Civil

7   Procedure, on behalf of himself and all others similarly situated.  Plaintiff seeks to represent the

8   following class:

9               All persons and entities in the United States who purchased, other
10              than for resale, Toshiba Satellite® notebook computers that are
                advertised as having a maximum memory capacity of 4 gigabytes
11              but are not upgradeable to that capacity.

12      19.     Excluded from the Class are Defendants, any entity in which any Defendant has a

13  controlling interest, Defendants' officers, directors, and employees; Defendants' legal

14  representatives, heirs, successors, and assign; and any Judge to whom this case is assigned and his

15  or her immediate family.  Solely for the purposes of the Consumers Legal Remedies Act,

16  California Civil Code Section 1750, *et seq.*, the class does not include business entities.

17      20.     **Numerosity -  Fed.R.Civ.P. 23(a)(1)** – Members of the Class are so numerous

18  that their individual joinder is impracticable.  Plaintiff is informed and believes, and on that basis

19  alleges, that the proposed class contains thousands of members.  The precise number of class

20  members is unknown to Plaintiff.  Class members are likely to be known by Defendants,

21  however, and thus, may be notified of the pendency of this action by mail, supplemented (if

22  deemed necessary or appropriate by the Court) by published notice.

23      21.     **Existence and Predominance of Common Questions of Fact and Law –**

24  **Fed.R.Civ.P. 23(a)(2), 23(b)(3)** - Common questions of law and fact exist as to all members of

25  the Class.  These questions predominate over the questions affecting individual Class members.

26  These common legal and factual questions include:

27      a.      Whether Toshiba Satellite® notebooks were marketed, promoted and sold

28  by Defendants as having a maximum memory capacity of 4096 megabytes;

                                        5

1    b.    Whether Toshiba Satellite® notebooks, in fact, do not possess a maximum

2  memory capacity of 4096 megabytes;

3    c.    Whether Defendants withheld information from and/or omitted to inform

4  consumers that their notebooks have a maximum memory capacity of 2048 megabytes;

5    d.    Whether Defendants' withholding of information and/or failure to inform

6  consumers of the true maximum memory capacity of their notebooks resulted from negligent,

7  reckless or intentional behavior;

8    e.    Whether Defendants represent that their Toshiba Satellite® notebooks have

9  characteristics or benefits that they do not have;

10    f.    Whether Defendants intend not to sell their Toshiba Satellite® notebooks

11  as marketed or advertised;

12    g.    Whether Defendants' practices deceive or have the capacity to deceive

13  consumers;

14    h.    Whether Defendants practices are immoral, unethical, oppressive,

15  unscrupulous, or substantially injurious to consumers;

16    i.    Whether Defendants expressly warranted that its Toshiba Satellite®

17  notebooks possess a maximum memory capacity of 4096 megabytes;

18    j.    Whether Defendants have violated California's Unfair Competition Law;

19  and

20    k.    Whether Defendants have been unjustly enriched through the conduct

21  complained of.

22    22.    **Typicality – Fed.R.Civ.P. 23(a)(3)** -  Plaintiff's claims are typical of the claims of

23  the members of the Class since Plaintiff purchased a Toshiba Satellite® notebook which could

24  not be upgraded to 4 gigabytes as advertised, as did all members of the Class.  Furthermore,

25  Plaintiff and all members of the Class sustained monetary injury arising out of Defendants'

26  wrongful conduct.

27    23.    **Adequacy – Fed.R.Civ.P. 23(a)(4)** - Plaintiff is an adequate representative of the

28  Class because his interests do not conflict with the interests of the Class he seeks to represent; he

6

1   has retained counsel competent and experienced in complex consumer class action litigation; and

2   Plaintiff intends to prosecute this action vigorously.  Plaintiff and his counsel will fairly and

3   adequately protect the interests of the Class.

4         24.   **Superiority – Fed.R.Civ.P. 23(b)(3)** - The class action is superior to other

5   available means for the fair and efficient adjudication of the claims of Plaintiff and members of

6   the class.  Although the injury suffered by each individual class member may total several

7   hundred dollars, injury of such magnitude is nonetheless relatively small given the burden and

8   expense of individual prosecution of the complex and extensive litigation necessitated by

9   Defendants' conduct.  It would be virtually impossible for members of the class individually to

10  redress effectively the wrongs done to them.  Even if the members of the Class could afford such

11  individual litigation, the court system could not.  Individualized litigation presents a potential for

12  inconsistent or contradictory judgments arising from the same set of facts.  Individualized

13  litigation increases the delay and expense to all parties, and to the court system, presented by the

14  complex legal and factual issues of the case.  By contrast, the class action device presents far

15  fewer management difficulties, and provides the benefits of single adjudication economy of scale

16  and comprehensive supervision by a single court.

17        25.   In the alternative, the Class may be certified under Rule 23(b)(1) and/or (b)(2),

18  because:

19          a.   The prosecution of separate actions by individual Class members would

20  create the risk of inconsistent or varying adjudication with respect to individual Class members

21  that would create incompatible standards of conduct for Defendants;

22          b.   The prosecution of separate actions by individual Class members would

23  create a risk of adjudications with respect to them that would, as a practical matter, be dispositive

24  of the interests of other Class members not parties to the adjudications, or substantially impair or

25  impede their ability to protect their interests; and/or

26          c.   Defendants have acted or refused to act on the grounds generally applicable

27  to the Class, thereby making appropriate final and injunctive relief with respect to the members of

28  the Class as a whole.

**FIRST CLAIM FOR RELIEF**
**(For Violations of the Consumers Legal Remedies Act, Cal.Civ.Code §§ 1750 *et seq.*)**

26.    Plaintiff hereby incorporates all proceeding paragraphs as if they were fully set forth herein.

27.    Defendants are "persons" within the meaning of Civil Code §§ 1761(c) and 1770, and sell "goods" within the meaning of Civil Code §§ 1761(b) and 1770.

28.    Plaintiff and the Class members are consumers within the meaning of Civil Code § 1761(d).

29.    Plaintiff's purchase of a Toshiba Satellite® notebook manufactured, marketed and sold by Defendants constitutes a transaction within the meaning of Civil Code §§ 1761(e) and 1770.

30.    Defendants' conduct violated and continues to violate the CLRA in at least the following respects:

    a.    In violation of Section 1770(a)(5) of the CLRA, Defendants represented that its goods or services have sponsorship, approval, characteristics, uses or benefits which they do not have;

    b.    In violation of section 1770(a)(7) of the CLRA, Defendants represented that its goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, when they are of another; and

    c.    In violation of section 1770(a)(16) of the CLRA, Defendants represented that the subject of the transaction was supplied in accordance with a previous representation when it has not.

31.    Defendants engaged in these unfair or deceptive acts and practices with the intent that they result, and which did result, in the sale of notebooks to Plaintiff and the Class.

32.    In engaging in unfair or deceptive conduct in violation of the CLRA, Defendants actively concealed and failed to disclose material facts about the true characteristics of their notebooks.

33.    As a result of Defendants' acts and practices as alleged in this Complaint, Plaintiff seeks an Order enjoining Defendants from continuing to engage in unlawful, unfair or fraudulent

8

business practices, and any other act prohibited by law. Plaintiff has contemporaneous with this filing provided notice to Defendants pursuant to Civil Code § 1782(a), and will amend to add claims for damages under the CLRA if Defendants do not take appropriate corrective action.

## SECOND CLAIM FOR RELIEF
### (For Breach of Express Warranty)

34.     Plaintiff hereby incorporates all proceeding paragraphs as if they were fully set forth herein.

35.     Defendants expressly warranted that their Toshiba Satellite® notebooks, at issue in this Complaint, were manufactured, marketed, promoted and sold to conform with all advertising and representations concerning upgradeable memory capacity of the notebooks.

36.     Toshiba Satellite® notebooks do not conform to these express representations.

37.     Plaintiff and members of the Class could not have known about Defendants' non-conformance with their express representations concerning upgradeable memory capacity.

38.     As a direct and proximate result of Defendants' breach of express warranty, Plaintiff has sustained economic losses and other damages for which he is entitled to compensatory damages in an amount to be proven at trial. Any disclaimer of consequential damages is invalid as the limited remedy provided fails in its essential purpose to redress the harm and damages to Plaintiff in that it, in effect, provides no remedy at all for the defect necessary to be redressed. In addition, any such disclaimer of consequential damages in unconscionable. Defendants are liable to Plaintiff for all damages to which Plaintiff is entitled by law.

## THIRD CLAIM FOR RELIEF
### (For Unjust Enrichment)

39.     Plaintiff hereby incorporates all proceeding paragraphs as if they were fully set forth herein.

40.     By their unlawful, unfair, deceptive, and wrongful acts and omissions, Defendants were unjustly enriched at the expense of Plaintiffs and the Class, who were charged by Defendants for Toshiba Satellite® notebook computers.

41.     Defendants were aware and had knowledge of the benefit they were receiving as a

9

result of their unlawful, unfair, deceptive, and wrongful acts and omissions, as hereinabove alleged, and have enjoyed the benefit of their financial gains, to the detriment and at the expense of Plaintiff and the Class.

42.    Defendants' retention of some or all of the monies they have gained through their wrongful acts and practices would be unjust considering the circumstances of their obtaining those monies.

43.    Plaintiff, on behalf of himself and all others all others similarly situated, is entitled to seek restitution from Defendants, and each of them, and an order disgorging all profits, benefits, and other compensation obtained by Defendants for their wrongful conduct.

## FOURTH CLAIM FOR RELIEF
**(For Violations of Cal. Bus. & Prof. Code §§ 17500, *et seq.*)**

44.    Plaintiff hereby incorporates all proceeding paragraphs as if they were fully set forth herein.

45.    Plaintiff and the class have suffered injury in fact and lost money and/or property, including but not limited to monies unlawfully, unfairly and deceptively obtained through the sale of Toshiba Satellite® notebooks.  Plaintiff has standing to pursue his claims under Business and Professions Code §§ 17203, 17205, and 17500.

46.    Defendants actions as alleged herein occurred in the conduct of trade or commerce directly or indirectly affecting consumers throughout California and the United States, through their advertisements, marketing and representations concerning

47.    Defendants caused to be made or disseminated throughout California and the United States, through advertising, marketing and other publications, statements that are untrue or misleading, and which were known, or which by the exercise of reasonable care should have been known to Defendants, to be untrue, misleading to consumers, Plaintiff and the Class.

48.    Plaintiff, on behalf of themselves and all others similarly situated, are entitled to and seek an injunction prohibiting Defendants from engaging in the acts and practices complained of, and recovery of their attorneys' fees and costs pursuant to, *inter alia,* Code of Civil Procedure section 1021.5.

10

## FIFTH CLAIM FOR RELIEF
### (For Violations of Cal. Bus. & Prof. Code §§ 17200, *et seq.*)

49.     Plaintiff hereby incorporates all proceeding paragraphs as if they were fully set forth herein.

50.     Defendants' acts and practices, described herein, constitute unlawful, unfair or fraudulent business practices in violation of the Unfair Competition Law, Business & Professions Code sections 17200 *et seq* ("UCL").

51.     The utility of Defendants' manufacturing, distribution, marketing and/or sale of Toshiba Satellite® notebooks is significantly outweighed by the gravity of the harm they impose on Plaintiff and the Class.  Defendants' acts and practices are oppressive, unscrupulous or substantially injurious to consumers.

52.     The above-described unfair, unlawful and fraudulent business practices conducted by Defendants present a threat and likelihood of harm and deception to members of the Class in that Defendants have systematically perpetrated and continue to perpetrate the unfair, unlawful and fraudulent conduct upon members of the public by engaging in the conduct described herein.

53.     Defendants' acts and practices constitute unlawful business practices in violation of Business and Professions Code §§ 17200 *et seq.*, because, among other things, they violate the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*, and because they violate Business & Professions Code §§ 17500 *et seq*.

54.     Plaintiff and the Class have suffered harm as a proximate result of the wrongful conduct of the Defendants alleged herein, and therefore bring this claim for relief for restitution and disgorgement.  Plaintiff is a person who has suffered injury in fact and has lost money and property as a result of such unfair competition.

55.     Pursuant to Business and Professions Code §§ 17200 and 17203, Plaintiff, on behalf of himself and the Class, seeks an order of this Court: enjoining Defendants from continued manufacture, distribution, marketing and sale of Toshiba Satellite® notebooks in an unfair, unlawful and fraudulent manner, and an order enjoining Defendants from collecting money from the Class from the sale of Toshiba Satellite® notebooks.  Plaintiff further requests an

11

1    order awarding Plaintiff and the Class restitution and disgorgement of profits acquired by

2    Defendants by means of such unlawful acts and practices, so as to deter Defendants and to rectify

3    Defendants' unfair and unlawful practices and to restore any and all monies to Plaintiff and the

4    Class, which are still retained by Defendants, plus interest and attorneys' fees and costs pursuant

5    to, *inter alia*, Code of Civil Procedure section 1021.5.

6                                **PRAYER FOR RELIEF**

7          WHEREFORE, Plaintiff on behalf of himself and all others similarly situated, prays for

8    judgment against Defendants as follows:

9          1.      For an order certifying the Class under Federal Rule of Civil Procedure 23, and

10   appointing Plaintiff and his counsel to represent the Class under Federal Rule of Civil Procedure

11   23(g);

12         2.      For declaratory and equitable relief requested;

13         3.      For compensatory, equitable and/or restitutionary damages according to proof and

14   for all applicable statutory damages;

15         4.      For an award of attorneys' fees and costs;

16         5.      For prejudgment interest and the costs of suit; and

17         6.      For such other and further relief as this Court may deem just and proper.

18   DATED:  December 6, 2007.                Respectfully submitted,

19                                           **KERSHAW, CUTTER & RATINOFF LLP**

20                             By:

21                                           Stuart C. Talley
                                             401 Watt Avenue
22                                           Sacramento, California 95864
                                             Telephone: (916) 448-9800
23                                           Facsimile:  (916) 669-4499

24                                           Mark J. Tamblyn
                                             **WEXLER TORISEVA WALLACE LLP**
25                                           1610 Arden Way, Suite 290
                                             Sacramento, California 95815
26                                           Telephone: (916) 568-1100
                                             Facsimile:  (916) 568-7890

27
                                             Attorneys for Individual and Representative
28                                           Plaintiff Michael Simon

                                             12

1

## DEMAND FOR JURY TRIAL

2      Plaintiff hereby demands a trial by jury on all claims so triable.

3   DATED:  December 6, 2007.              Respectfully submitted,

4                                         **KERSHAW, CUTTER & RATINOFF LLP**

5

6                              By:

7                                         Stuart C. Talley
                                          401 Watt Avenue
8                                         Sacramento, California 95864
                                          Telephone: (916) 448-9800
                                          Facsimile:  (916) 669-4499
9

10                                        Mark J. Tamblyn
                                          **WEXLER TORISEVA WALLACE LLP**
11                                        1610 Arden Way, Suite 290
                                          Sacramento, California 95815
12                                        Telephone: (916) 568-1100
                                          Facsimile:  (916) 568-7890

13                                        Attorneys for Individual and Representative
                                          Plaintiff Michael Simon
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

## DECLARATION OF MICHAEL SIMON
### PURSUANT TO CALIFORNIA CIVIL CODE § 1780(C)

I, Michael Simon, declare as follows:

1.     I submit this declaration pursuant to section 1780 (c) of the California Consumers Legal Remedies Act. I have personal knowledge of the matters set forth below and if called as a witness could and would be competent to testify thereto.

2.     Defendants do business in California.

3.     Defendant Toshiba America Information Systems, Inc. maintains its principal executive office in Irvine, California.

4.     I reside in San Francisco, California.

I declare under the penalty of perjury under the laws of the state of California that the foregoing is true and correct and that this declaration was executed on November 30, 2007 in San Francisco, California.

MICHAEL SIMON

CLASS ACTION COMPLAINT