UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SIMON, on behalf of himself and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TOSHIBA AMERICA INFORMATION SYSTEMS, INC.,<br><br>Defendant.<br>_____/ | No. C 07-06202 MHP<br><br>**ORDER re: Additional Submissions** |

Plaintiff Michael Simon, on behalf of himself and all those similarly situated, has brought this action against defendant Toshiba America Information Systems, Inc., seeking damages and declaratory and equitable relief for alleged violations of the California Consumer Legal Remedies Act, False Advertising Law, Unfair Competition Law, breach of express warranty, and unjust enrichment. Without engaging in any formal discovery or pursuing any dispositive motions on behalf of the putative class of 144,000 consumers, plaintiff has brought a motion for preliminary approval of class action settlement.

The parties presented their arguments in favor of plaintiff's motion at a hearing on June 29, 2009. At the hearing, the court requested that the parties further develop the record in several significant respects. To aid the parties in the preparation of this supplemental material, the court enters the following order the clarify the nature of the additional submissions needed.

1. <u>Expert declarations.</u>  The parties shall submit one or more declarations from relevant experts in the field of information technology, addressing the following questions:

   a. What was the range of actual prices that the Toshiba notebook models subject to the proposed settlement originally sold for in their 1GB, 2GB, and 4GB configurations?

   b. What is the current value of already owned Toshiba notebook models subject to the proposed settlement in their 1GB, 2GB, and 4GB configurations?  Is there a resale market for these products?

   c. Are the Toshiba notebook models subject to the proposed settlement still available for purchase in new condition?  If yes, what is the current value of new Toshiba notebook models subject to the proposed settlement in the 1GB, 2GB, and 4GB configurations?  If no, when did the Toshiba notebook models subject to the proposed settlement cease to be available in new condition?  When did the Toshiba notebook models subject to the proposed settlement first become available to consumers?

   d. What is the normal lifespan of the Toshiba notebook models subject to the proposed settlement from the time of purchase, in their 1GB, 2GB, and 4GB configurations?

   e. Would the average owner of one of the Toshiba notebook models subject to the proposed settlement hold on to the product for its entire normal lifespan?

   f. What is the likely level of technical expertise of the average owner of one of the Toshiba notebook models subject to the proposed settlement?  Of the average owner who seeks to upgrade to 4GB of RAM?  To 2GB of RAM?  Would these respective types of owner be likely to resell the used product if an upgrade were impossible?

   g. Given the technical specifications of the Toshiba notebook models subject to the proposed settlement, what is the range of their possible uses?  What are

2

their capabilities in terms of business productivity tasks and possible gaming applications in the 1GB, 2GB, and 4GB configurations?

    h.    How many of the existing owners of Toshiba notebook models subject to the proposed settlement have likely purchased their notebooks influenced by the computers' advertised ability to support 4GB of RAM? How many are likely to have actually upgraded to 2GB of RAM? To have sought to upgrade to 4GB of RAM?

2.    <u>Plaintiff's deposition.</u> The parties shall submit a complete and unredacted copy of the plaintiff's deposition, which should include at a minimum answers to the following questions:

    a.    On what date and from what outlet did plaintiff purchase his computer?

    b.    What was the price he paid?

    c.    Which advertisement, specifications sheet, or other material indicating the upgrade capabilities of the computer did plaintiff actually see prior to or while making his purchase? Plaintiff should attach, if possible, a copy of such advertisements, specification sheets, or other substantively similar material that would constitute a sample of defendant's alleged representations.

    d.    Was plaintiff exposed to any other representations regarding the upgrade capabilities of his computer before, during, or after his purchase? To the extent of his knowledge, plaintiff should identify with specificity the time, place, and nature of any representations, written or verbal, as well as the identity of the source proffering them.

    e.    What level of training, experience and expertise did plaintiff have with with computers at the time of purchase?

3

3. <u>Customer feedback.</u> Defendant shall submit a declaration addressing the following questions:

    a. How many owners of Toshiba notebook models subject to the proposed settlement have provided defendant with feedback regarding their satisfaction with the product? How many have expressed dissatisfaction with their inability to upgrade to 4GB?

    b. To the extent of defendant's knowledge, how many owners of Toshiba notebook models subject to the proposed settlement have sought upgrades to 4GB of RAM in defendant's own or in authorized third-party service centers?

    c. What actions, if any, has defendant taken in response to any customer dissatisfaction with the products' lack of support for 4GB of RAM?

4. <u>Time records.</u> Plaintiff's counsel is reminded to maintain contemporaneous time records of the work performed in this action to support any anticipated request for reasonable attorneys' fees.

The parties shall submit their supplemental materials, addressing the questions listed above and any others the parties deem relevant, no later than August 24, 2009.

IT IS SO ORDERED.

Dated: July 8, 2009

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

4