MANATT, PHELPS & PHILLIPS, LLP
DEAN J. ZIPSER (CA SBN 94680)
E-mail: DZipser@manatt.com
ADINA L. WITZLING (CA SBN 211719)
E-mail: AWitzling@manatt.com
695 Town Center Drive, 14th Floor
Costa Mesa, CA 92626-1924
Telephone: (714) 371-2500
Facsimile: (714) 371-2550

Attorneys for Defendant
TOSHIBA AMERICA INFORMATION SYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL SIMON, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TOSHIBA AMERICA, INC., a Delaware corporation, and TOSHIBA AMERICA INFORMATION SYSTEMS, INC., a California corporation,<br><br>Defendants. | Case No. C07-06202 MHP<br><br>ORDER GRANTING CONDITIONAL APPROVAL [~~PROPOSED~~]<br><br>Honorable Marilyn H. Patel<br>Courtroom 15 |

ORDER GRANTING CONDITIONAL APPROVAL [~~PROPOSED~~]

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiff Michael Simon and the Class, as defined in paragraph 1 below, and defendant, Toshiba America Information Systems, Inc. ("TAIS"), collectively the "Settling Parties," having made application by and through their respective counsel, pursuant to Federal Rules of Civil Procedure, Rule 23, for approval of the proposed settlement of the above-entitled class action (the "Action"), as set forth in the Settlement Agreement and Release (the "Settlement Agreement"); and

The Settling Parties having consented to the entry of this Order; and

The Court having reviewed and considered the Settlement Agreement and the proposed notices to the Settlement Class; and

The Court having found that there exist substantial and sufficient grounds for entering this Order;

IT IS HEREBY ORDERED THAT:

1. Pursuant to the Settlement Agreement, the Settlement Class is provisionally certified for settlement purposes only, pursuant to Federal Rules of Civil Procedure, Rule 23, and defined as follows:

All end-user persons or entities who purchased or otherwise acquired new in the United States, for their own use and not for resale, any of the following notebook computer models (the "Subject Notebooks"):

(1) Toshiba Satellite® notebook computer models P105-S6167, P205-S6237, P205-S6307, U305-S5097, U305-S5077, or U305- S5087;

(2) Toshiba Satellite® notebook computer models P105-S6147 (serial numbers Z6045420W through and including Z6087887W and serial numbers 17017499W through and including 17150797W);

(3) Toshiba Satellite® P105-S6147 (serial numbers 27036181W through and including 37023117W), provided that such end-user persons or entities (a) had their notebook repaired by TAIS or a TAIS authorized service provider prior to May 22, 2009, and, (b) as part of the repair, received a new motherboard;

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
COSTA MESA

70073491

2   ORDER GRANTING CONDITIONAL APPROVAL [PROPOSED]

1      (4) Toshiba Satellite® A135-S4407 (serial numbers 17141942K through and including 17332122K);

2      (5) Toshiba Satellite® A135-S4407 (serial numbers 17332123K through and including 27237477K), provided that the such end-user persons or entities (a) had their notebook repaired by TAIS or a TAIS authorized service provider prior to May 22, 2009, and, (b) as part of the repair, received a new motherboard;

3      (6) Toshiba Satellite® A135-S4417 (serial numbers 17248002K through and including 17286671K); or

4      (7) Toshiba Satellite® A135-S4417 (serial numbers 17342630K through and including 27207660K), provided that such end-user persons or entities (a) had their notebook repaired by TAIS or a TAIS authorized service provider prior to May 22, 2009, and, (b) as part of the repair, received a new motherboard. *All the foregoing model numbers shall be proofed and verified before sending the notice and/or this order.*

Excluded from membership in the Settlement Class are the following: (1) TAIS, including employees and immediate family members; (2) retailers, wholesalers, and other middlemen who purchased the Subject Notebooks for resale; (3) any judge or justice to whom this action is assigned and their immediate family, and the legal representatives, heirs, successors or assigns of any such excluded party; and (4) persons who timely and validly opt to exclude themselves from the Settlement Class.

2.      Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the parties in the event that the Agreement is not finally approved by this Court or otherwise does not take effect. Certification of the Settlement Class shall be vacated and shall have no effect in the event that the Agreement is not finally approved by this Court or otherwise does not take effect.

3.      Plaintiff Michael Simon is hereby designated as representative of the conditionally certified Settlement Class.

4.      Stuart C. Talley of Kershaw, Cutter & Ratinoff LLP and Mark J. Tamblyn of Wexler Wallace LLP are appointed as Class Counsel.

5. TAIS has retained, with plaintiff's counsel's approval, and the Court hereby appoints, the firm of Garden City Group ("GCG") as the independent professional class action claims administrator.

6. The Settlement Agreement is preliminarily approved as in the best interests of the Settlement Class, subject to the rights of members of the Settlement Class to be heard on the terms and the reasonableness of the Settlement at the Final Approval hearing.

7. Notice of the proposed settlement, of a hearing to approve the proposed settlement, and of the application of the attorneys for the plaintiff and Class Counsel in the Action for an award of attorneys' fees and reimbursement of expenses and a special fee award to the Class Representative (the "Fee Application") shall be provided to members of the Class in the following ways:

a. Within thirty (30) days of notice of entry of this Order, a copy of the Notice of Class Action Settlement shall be e-mailed to all Class Members whose Subject Notebooks were registered with TAIS prior to the date of this Conditional Approval Order. ~~The Class Notice shall also be mailed to such Class Members~~ whose e-mail address is not known, but whose street address is known. Such mailing and e-mailing shall be completed not less than sixty (60) days prior to the date by which objections and exclusions are due.

b. A copy of the Summary Notice of Class Action Settlement ("Summary Notice") shall be published by TAIS twice in the weekday edition of <u>USA Today</u>. The Summary Notice shall include a toll-free number that Settlement Class Members may call and the url of a website that Settlement Class Members may access in order to obtain a copy of the full Class Notice, including the Claim Form.

c. The website operated by GCG will: (1) enable Settlement Class Members to access and download the Class Notice; (2) enable Registered Settlement Class Members to submit the Claim Form online, if applicable, as described in Section II.D. of the Settlement Agreement; (3) provide information regarding the Subject Notebooks that are included in the Settlement Class and enable Settlement Class Members to confirm that they own a Subject

[Handwritten at bottom: 1. All e-mails shall request an acknowledgment of receipt. For all such e-mails where no acknowledgment is received and for all class members the class notice shall be mailed.]

1  Notebook; (4) provide a list of critical dates and deadlines in the settlement process; and (5)
2  provide relevant updates and information with respect to the settlement and claims process.
3      8.   Defendant TAIS shall pay all costs and expenses incurred in connection with the
4  above-described provision of notice and the administration of the settlement, which costs and
5  expenses shall not be deemed to include any costs or fees that may be incurred by Class Counsel
6  relating to the administration of the settlement.
7      9.   The Court approves the form of Notice and Summary Notice *except as in ¶ 3 below* and finds that the
8  publication, mailing, and distribution of such notices substantially in the manner and form set
9  forth above will constitute the best notice practicable under the circumstances to members of the
10 Class, will satisfy fully the requirements of constitutional due process and Rule 23 of the Federal
11 Rules of Civil Procedure, and will constitute due and sufficient notice to all persons entitled
12 thereto.
13     10.  A hearing (the "Final Approval Hearing") shall be held before this Court at 2:00
14 p.m. on *January 11*, ~~2009~~ *2010* (or at such adjourned time, or times as the Court may without
15 further notice direct), in Courtroom 15 of this Court, before the Honorable Marilyn H. Patel:
16     a.   to determine whether the proposed settlement of the Action on the terms
17 and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate, and
18 whether it should be approved by the Court, and whether a judgment of dismissal of the Action as
19 provided for in the Settlement Agreement as against the defendant, TAIS, should be entered;
20     b.   to consider the Fee Application; and
21     c.   to reserve jurisdiction as the Court deems necessary and proper to
22 effectuate the Settlement, including the payment to Class Counsel of attorneys' fees and expenses,
23 after appeals, if any.
24     d.   No later than 10 days prior to the Final Approval Hearing, the parties shall
25 file further papers supporting their request for final approval of the settlement and to support any
26 request for attorneys fees, costs, and an incentive award.
27     11.  Each member of the Settlement Class shall be bound by the proposed settlement
28 provided for in the Settlement Agreement, if and when it is approved by the Court, and by any

*3. The Notice shall state on first page the date by which claims shall be postmarked or submitted as per paragraph 10 of the Notice.*

judgment or determination of the Court affecting the Class, unless such member has properly excluded himself, herself or itself from the Class. Class members who wish to exclude themselves shall mail by first-class mail a written request for exclusion from the Class addressed to GCG, and be postmarked no later than sixty (60) days after the Class Notice is sent to the Class, which date shall be set forth in the Class Notice and Summary Notice (the "Exclusion/Objection Date"). In order to be deemed valid, the request for exclusion must clearly indicate that the sender requests to be excluded from the Class and state the name and address of the person seeking exclusion and the serial number of his/her Subject Notebook computer.

12. Any member of the Settlement Class who has not requested exclusion in the manner provided above may appear at the Final Approval Hearing and be heard on the proposed settlement or Class Counsel's application for an award of attorneys' fees and reimbursement of expenses. However, no member of the Class shall be entitled to contest the approval of the terms and conditions of the proposed settlement or the Fee Application of Class Counsel unless that person files with the Court by the Exclusion/Objection Date, along with proof of service on Class Counsel and TAIS's counsel, written objections and copies of any and all papers the class member desires the Court to consider, together with proof of membership in the Class. Any member of the Class who does not serve and file an objection to the proposed settlement of the action or to the Fee Application in the manner provided for above shall be deemed to have waived the right to object, including the right to appeal, and shall be forever foreclosed from making any objection to the settlement, the Fee Application, or any order or judgment filed or entered by the Court.

13. Members of the Settlement Class who have not requested exclusion in the manner provided in paragraph 11 of this Order may, but need not, enter an appearance in the Action and/or may seek to intervene in the Action, individually or through the counsel of their choice at their expense. Settlement Class members who do not enter an appearance and do not exclude themselves from the Class will be represented by Class Counsel.

14. If the settlement is not approved by the Court or is terminated pursuant to the terms of the Settlement Agreement, then the Settlement Agreement shall become null and void and of no further force and effect, and shall not be used or referred to for any purpose whatsoever,

and all negotiations and proceedings had in connection with it shall be without prejudice to the rights of plaintiffs and the Class and defendant, who shall be restored to their respective positions existing immediately prior to the execution of the Settlement Agreement.

15. The Court may (a) approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class; (b) adjourn the Final Approval hearing without further notice to the Class; or (c) extend the time for the doing of any act provided for in this Order.

IT IS SO ORDERED.

DATED: August 31, 2009

_____
Honorable Marilyn H. Patel
United States District Court

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
COSTA MESA

7   ORDER GRANTING CONDITIONAL APPROVAL [PROPOSED]

70073491